UNITED STATES DISTRICT COURT

DISTRICT OF MASSASSUCETTS

| | | |
|---|---|---|
| MATTHEW NASUTI | * | CIVIL ACTION |
| | * | |
| VERSUS | * | |
| | * | NO.09-30183-MAP |
| CATHERINE D. KIMBALL, JOHN TARLTON OLIVER and VALERIE S. WILLARD | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**<u>OPPOSITION MEMORANDUM TO PLAINTIFF'S MOTION
TO COMPEL RESPONSES TO HIS FIRST SET OF
INTERROGATORIES TO DEFENDANT JOHN TARLTON OLIVIER</u>**

Plaintiff Matthew J. Nasuti filed another motion to compel. [Doc. 27] Despite this Court denying his prior motion to compel, plaintiff seeks to compel John Tarlton Olivier to respond to interrogatories plaintiff propounded on or about April 26, 2010. Because of the current posture of this case, and particularly in light of this Court's earlier ruling denying plaintiff's motion to compel production of documents, this Court should deny plaintiff's latest motion to compel. Additionally, this Court should award Olivier the reasonable attorneys' fees and costs incurred in opposing plaintiff's motion to compel pursuant to F.R.Civ.P. 26(g) and 37(a)(5)(B).[1]

PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

For the sake of brevity, Olivier will not detail facts already well-known to this Court. Briefly, Magistrate Judge Nieman issued a *Report and Recommendation with Regard to Defendants' Motion to Dismiss* [doc. 19] on February 1, 2010, in which the Court recommended plaintiff's complaint against Valerie S. Willard and Olivier be dismissed for lack of personal

---

[1] The persons paying to defend against plaintiff's motion to compel are actually the taxpayers of the State of Louisiana.

1

jurisdiction and/or because plaintiff failed to state a cause of action against Willard and Olivier. Judge Ponsor has the report and recommendation before him for decision.[2]

After the parties briefed Willard's and Olivier's F.R.Civ.P. 12(b) motion to dismiss and after Magistrate Judge Nieman took that motion under advisement, plaintiff propounded on January 21, 2010, his first set of requests for production of documents only to Olivier [doc. 24-2.] On February 1, 2010, Magistrate Judge Nieman issued the report and recommendation referenced above. Thereafter, plaintiff filed a motion to compel Olivier to respond to the first request for production of documents. [Doc. 24].

Olivier opposed plaintiff's motion to compel production of documents. [Doc. 25.] In his opposition, Olivier presented several legal arguments – and case law in support – to show why plaintiff's motion to compel should be denied. Olivier adopts those arguments and cited case law here too, because they apply with equal logic to defeat plaintiff's present motion to compel.

Magistrate Judge Nieman denied plaintiff's first motion to compel production of documents by an electronic order of March 16, 2020, that read:

> Magistrate Judge Kenneth P. Neiman:  Electronic ORDER entered denying 24 Plaintiff's Motion to Compel Responses to his First Set of Document Requests, for many of the reasons set forth in Defendant's opposition. In particular, the court notes that, in the scheme of things, Plaintiff's request for documents came late and that, in any event, District Judge Michael A. Ponsor has before him this court's recommendation that the case be dismissed. (See Document No. 19.)  The present ruling, of course, is without prejudice to Plaintiff pursuing discovery should this court's recommendation not be adopted. So ordered. (Neiman, Kenneth)(Entered: 03/16/2010).

Despite losing his motion to compel production of documents, and ignoring the clear import of the order (which left plaintiff free to "pursu[e] discovery should this court's recommendation not be adopted"), plaintiff propounded yet more discovery, this time

---

[2] Judge Ponsor earlier dismissed the third defendant – Catherine D. Kimball, the Chief Justice of the Louisiana Supreme Court – from this action. [Doc. 16].

interrogatories, to Olivier. *See* Plaintiff's First Set of Interrogatories to Defendant John Tarlton Olivier, exhibit "A." Olivier sent his Objections to plaintiff's latest round of discovery on May 4, 2010, citing some of the case law Olivier originally cited to the court in briefing his opposition to plaintiff's first motion to compel. *See* Objections to Plaintiff's First Set of Interrogatories, exhibit "B."

On May 10, plaintiff contacted Olivier's Massachusetts counsel to inquire whether "there is anything for us to discuss or should I file my motion to compel?" *See* Nasuti e-mail to Jeffrey L. McCormick, exhibit "C." In response to plaintiff's inquiry about whether the parties had anything to discuss concerning his latest discovery, Olivier's Louisiana counsel responded. *See* May 10, 2010, letter from Kevin R. Tully to Matthew J. Nasuti, exhibit "D."

In the May 10, 2010, letter, Olivier's attorney expressed a willingness to confer pursuant to LR, D.Mass. 37.1, but stated Olivier's position in light of the court's prior discovery ruling. The letter quoted the Magistrate Judge's decision and reminded plaintiff that the order, either directly or through clear inference, meant no discovery should occur unless Judge Ponsor declined to adopt Magistrate Judge Nieman's recommendation to dismiss the case. The May 10 letter also made clear to plaintiff a motion to compel at this juncture (awaiting Judge Ponsor's ruling), could prompt Olivier to request reimbursement of expenses necessarily incurred in opposing such a motion.

Plaintiff responded to the May 10 letter by e-mail of May 10, 2010. *See* May 10, 2010, Matthew Nasuti e-mail to Kevin R. Tully, exhibit "E." After one more round of e-mails of little substance, plaintiff filed his latest motion to compel discovery which has, in turn, required Olivier to respond with this opposition memorandum.

For the exact same reasons Magistrate Judge Nieman denied plaintiff's earlier motion to compel, the Court should likewise deny plaintiff's latest motion to compel discovery.

ATTORNEYS' FEES AND COSTS

While it is not undersigned counsel's practice to seek fees and expenses made necessary by opposing counsel's discovery motions, here Olivier made clear to plaintiff that if he pursued a motion to compel now, plaintiff could expect Olivier to request recompense of expenses necessarily incurred in opposing such a motion.

In light of the court's earlier ruling denying plaintiff's motion to compel discovery and having been apprised by Olivier not to pursue another motion to compel, an award of legal fees and expenses Olivier incurred in objecting to the interrogatories and in opposing plaintiff's motion to compel is warranted. Plaintiff's conduct triggers at least two Rules of the Federal Rules of Civil Procedure.

Rule 26(g) of the Federal Rules of Civil Procedure reads:

(g) SIGNING DISCLOSURES AND DISCOVERY REQUESTS, RESPONSES, AND OBJECTIONS.

(1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, email address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection,

it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

>>(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
>>(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
>
>(2) Failure to Sign.  Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.
>
>(3) Sanction for Improper Certification.  If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Plaintiff lacked a substantial justification to propound interrogatories to Olivier after this Court previously denied plaintiff's motion to compel discovery (production of documents.)  The Court's prior order made clear plaintiff would be free to pursue discovery *if* Judge Ponsor declined to dismiss this action as recommended.  Notwithstanding that clarity – and Olivier's letter setting forth his position – plaintiff proceeded to file another motion to compel the discovery he filed when he knew, or should have known, to wait to see whether his case against the remaining two defendants would be dismissed.  In light of those factors, plaintiff lacked substantial justification to propound his interrogatories and thereafter seek to compel responses to them.

The case law teaches that where a party engages in discovery when he lacks a substantial justification for doing so, courts will impose an appropriate sanction under F.R.Civ.P. 26(g), including an award for expenses incurred because of the violation.  *See, e.g., Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D.Md. 2008)(Rule 26(g) is designed to curb discovery abuses.)  The Advisory Committee's Notes to Rule 26(g) also emphasize:

5

Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request.

In addition to running afoul of F.R.Civ.P. 26(g), plaintiff's motion to compel, should this Court deny it, should trigger an award of the reasonable expenses incurred in opposing the motion. Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure reads:

> (a)   MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.
>
> * * *
>
> (5) Payment of Expenses; Protective Orders.
>
> * * *
>
> (B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Olivier does not take the position that a party who moves to compel responses to interrogatories, but who does not prevail in that motion, should automatically be cast in judgment to pay reasonable fees and expenses his successful opponent expended in defending against the motion. Instead, Rule 37(a)(5)(B) permits a showing that plaintiff's pursuit of a motion to compel – although unsuccessful – was "substantially justified." *See, e.g., Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1244 (10th Cir. 2006). And the burden to show substantial justification would rest with plaintiff. *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 298 (N.D.W.Va. 2004).

Here, as discussed above in connection with Rule 26(g), plaintiff knew or should have known from the Court's prior order – denying his motion to compel – that any further discovery or motions related to discovery should await a decision by Judge Ponsor on the recommendation that this matter should be dismissed. More egregious than before, here plaintiff's interrogatories and the motion to compel came *after* the Magistrate Judge issued his *Report and Recommendations*; and *after* plaintiff's prior motion to compel had been denied. Moreover, counsel for Olivier pointed out those facts to plaintiff and cautioned that Olivier might seek redress if plaintiff filed a motion to compel. In light of everything, however, plaintiff filed his motion to compel which – given the Court's prior action – should be denied. Plaintiff was unjustified in filing his motion to compel which multiplied the expense of this litigation to Olivier. An award of reasonable expenses and/or reasonable attorney's fees, in the Court's discretion, should be therefore awarded in favor of Olivier and against plaintiff.[3]

## CONCLUSION

For the same reasons Magistrate Judge Nieman denied plaintiff's prior motion to compel Olivier to respond to plaintiff's discovery pleading, this Court should deny plaintiff's motion to compel Olivier to answer plaintiff's April 26, 2010, interrogatories.

Additionally, plaintiff lacked substantial justification for (1) propounding interrogatories to Olivier; and (2) filing a motion to compel responses in light of this Court's earlier ruling, denying plaintiff's motion to compel discovery. Therefore, under F.R.Civ.P. 26(g) and/or 37(a)(5)(B), if the Court denies plaintiff's motion, an award of reasonable costs and attorneys fees Olivier incurred is appropriate.

---

[3] The Court must afford plaintiff an opportunity to be heard on Olivier's request for reasonable fees and attorneys fees. Allowing plaintiff to file a written submission provides an opportunity to be heard. *Kister v. District of Columbia*, 229 F.R.D. 326, 329 n. 2 (D.D.C. 2005); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666-67 (D.Kan. 2004).

For the reasons set forth above, John Tarlton Olivier asks this Court to deny plaintiff's motion to compel responses to interrogatories. Further, Olivier asks the Court to award him the reasonable expenses and attorneys' fees incurred which expenditures arise from plaintiff propounding the interrogatories and from filing his motion to compel.

>THE DEFENDANTS
>JOHN TARLTON OLIVIER AND
>VALERIE S. WILLARD
>
>By: /s/ Kevin R. Tully
>E. Phelps Gay -  La. Bar #5992
>epgay@christovich.com
>Kevin R. Tully -  La. Bar #1627
>krtully@christovich.com
>CHRISTOVICH & KEARNEY, LLP
>Suite 2300
>Pan American Life Center
>601 Poydras Street
>New Orleans, Louisiana 70130-6078
>Telephone: (504) 561-5700
>
>– And –
>
>Jeffery L. McCormick, Esq., BBO #329740
>Robinson Donovan, P.C.
>1500 Main Street, Suite 1600
>Springfield, Massachusetts  01115
>Phone: 413.732.2301  Fax  413.785.4658
>Direct Fax  413.452.0327
>jmccorrmick@robinson-donovan.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 26th day of May 2010.

>By:  /s/ Kevin R. Tully
>    Kevin R. Tully, Esq.