UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MATTHEW J. NASUTI          )
        Plaintiff          )
                           )
            v.             )   C.A. NO. 09-cv-30183-MAP
                           )
CATHERINE D. KIMBALL,      )
JOHN TARLTON OLIVIER and   )
VALERIE S. WILLARD,        )
        Defendants         )


MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS
(Dkt. Nos. 12 & 19)

June 29, 2010

PONSOR, D.J.

## I. INTRODUCTION

Plaintiff, Matthew J. Nasuti, ("Plaintiff") has brought suit against Defendants, employees of the Louisiana Supreme Court, alleging that a press release announcing Plaintiff's voluntary resignation from the Louisiana Bar was posted on Defendants' website in such a way as to give persons searching for Plaintiff's name on internet search engines the impression that he had been permanently disbarred from the practice of law in Louisiana.  The complaint asserts claims of defamation and violation of Plaintiff's due process rights under the Fourteenth Amendment.

Defendants Valerie S. Willard and John Tarlton Olivier

have moved to dismiss the complaint pursuant to Fed. R. Civ.
P. 12(b)(2),(3), and (6), asserting lack of personal
jurisdiction, improper venue, and failure to state a claim
upon which relief may be granted.[1]  (Dkt. No. 12.)  The
Motion to Dismiss was referred to Magistrate Judge Kenneth
P. Neiman for a Report and Recommendation.

On February 1, 2010, Judge Neiman issued a
recommendation to the effect that Defendants' motion should
be allowed.  (Dkt. No. 19.)  Judge Neiman grounded his
decision on two alternative bases, finding: (1) that the
exercise of personal jurisdiction over Defendants in this
case would not comport with principles of due process, and
(2) that Plaintiff had failed to set forth sufficient
factual allegations in the complaint to support the merits
of either his defamation claim or his civil rights claim.[2]
Plaintiff filed a timely objection to the Report and
Recommendation.  (Dkt. No. 20.)

Upon de novo review, and after consideration of
Plaintiff's objections, the court will adopt the Magistrate

_____

[1] Claims against Chief Justice of the Louisiana Supreme
Court, Catherine D. Kimball, have previously been dismissed
on judicial immunity grounds.  (See Dkt. Nos. 4 & 16)

[2] In light of these holdings, Judge Neiman found it
unnecessary to address Defendants' alternative argument that
venue was improper.

Judge's recommendation in part and allow the Defendants'
Motion to Dismiss.

## II. BACKGROUND

The facts of the case are set forth in detail in the
Report and Recommendation at pages 3-5.  The essential facts
are not in dispute.  In 2004, Plaintiff voluntarily resigned
from the practice of law in the State of Louisiana.
Thereafter, the Louisiana Supreme Court added a posting to
its website entitled "NEWS RELEASE # 052" announcing, _inter
alia_, its acceptance of Plaintiff's resignation.

In 2009, Plaintiff and at least one other person
conducted searches for Plaintiff's name on Google and other
internet search engines.  Among the results generated by
these searches appeared the following text: "Matthew J.
Nasuti. Permanent Disbarment Ordered."  The quoted text was
derived from the 2004 press release appearing on Defendants'
website.  Plaintiff contacted Defendants about the
misleading results, but Defendants, maintaining that the
search engines were misinterpreting the press release,
refused to redraft the press release, remove his name from
the website, or publish an apology or a retraction.

## III. DISCUSSION

A. Personal Jurisdiction.

In his Report and Recommendation, the Magistrate Judge

found that the exercise of personal jurisdiction over Defendants would be improper.  Plaintiff objects to this finding on two grounds.  First, Plaintiff takes issue with the statement, made in the context of the "reasonableness" prong of the court's due process analysis, that "all of the evidence" relating to Plaintiff's claims "is located in Louisiana."  (Dkt. No. 19, Report and Recommendation, 13.) Plaintiff argues at length that at least one piece of evidence -- Defendants' website -- is located in the State of New York.  (Dkt. No. 20 at 2-4.)

Plaintiff may be correct that www.lasc.org, the domain name attached to Defendant's website, is legally cognizable as property located in New York.  See 15 U.S.C. § 1125(d)(2) (providing that domain names are legally "located" wherever "the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located . . . .").  However, the mere fact that some modicum of evidence is present in New York, rather than Louisiana, fails to undermine Judge Neiman's conclusion that, in the totality of circumstances presented, the exercise of personal jurisdiction over these Defendants in Massachusetts would be unreasonable.

Second, Plaintiff objects to Judge Neiman's failure to find specific jurisdiction over Defendants under the

4

so-called "effects test" established by the Supreme Court in
Calder v. Jones, 465 U.S. 783, 789 (1984).  Under Calder, a
plaintiff may establish purposeful availment by showing that
a defendant's wholly out of state act was "calculated to
cause injury" to the plaintiff in the forum state.  Noonan
v. Winston Co., 135 F.3d 85, 90 (1st Cir. 1998) (citing
Calder, 465 U.S. at 791).  Plaintiff posits that once
Defendants were served with a cease and desist order, they
"had actual knowledge that their actions were directly
causing injury to [him] in Massachusetts," and that this
knowledge was sufficient to establish jurisdiction under
Calder.  (Dkt. No. 20, Pl.'s Response to the February 1,
2010 Report and Recommendation, at 5 (emphasis in
original).)

  Calder does not assist Plaintiff.  Under Calder, more
is required than an allegation that Defendants knew that
Plaintiff lived in the forum state when they acted.  To show
that an act was "calculated to cause injury" in the forum
state, a plaintiff must plead facts sufficient to show that
a defendant "expressly aimed" its conduct at the forum,
thereby making the forum "the focal point of the tortious
activity".  IMO Indus. v. Kiekert AG, 155 F.3d 254, 265 (3d
Cir. 1998).  No such facts are alleged here.  Plaintiff does
not claim that Defendants attempted to have their news

5

release published in Massachusetts or that the release made
any reference to Massachusetts or Plaintiff's practice
there.  Accordingly, <u>Calder</u> in inapposite.

B. <u>Merits</u>.

       In the second part of the Report and Recommendation,
the Magistrate Judge recommends that Plaintiff's complaint
be dismissed for failure to state a claim upon which relief
may be granted.  In light of the conclusion that personal
jurisdiction over Defendants is lacking here, the court
finds it unnecessary to reach this alternative ground for
dismissal.  Therefore, although the court has considerable
doubts regarding the viability of Plaintiff's claims, it
declines to adopt the portion of the Report and
Recommendation dismissing the complaint for failure to state
a claim upon which relief may be granted.

IV. <u>CONCLUSION</u>

       For the foregoing reasons, upon <u>de novo</u> review, the
Report and Recommendation of Magistrate Judge Kenneth P.
Neiman dated February 10, 2010 (Dkt. No. 19) is hereby
ADOPTED in part.  Defendants' Motion to Dismiss (Dkt. No.
12) is hereby ALLOWED.  This case may now be closed.

       It is So Ordered.

                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge

6